Filed 2/11/14  P. v. Valdez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059436 |
| v. | (Super.Ct.No. FSB041480) |
| RODNEY THOMAS VALDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Rodney Thomas Valdez appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

1

Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)).[1]  Defendant filed a notice of appeal on August 15, 2013.  We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged by second amended information with possession of a controlled substance (Health & Saf. Code, § 11377, count 1) and receiving stolen property (Pen. Code, § 496, subd. (a), count 2).  It was further alleged that defendant suffered three prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and that he had served three prior prison terms (Pen. Code, § 667.5, subd. (b)).

A jury found defendant guilty of both counts, and a trial court found true the prior strike allegations.  The court imposed concurrent terms of 25 years to life on counts 1 and 2.

On April 10, 2013, defendant filed a petition for resentencing under section 1170.126.  The court denied the petition on the ground that defendant's prior convictions for forcible rape (former § 261, subd. (2)) made him ineligible for resentencing under section 1170.126, subdivision (e).

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue:  whether the court erred in concluding that defendant did not qualify for resentencing under section 1170.126, subdivision (e)(3).

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.  Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.